**Dated: March 21, 2016**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT M. FOSTER ) | Case No. 15-14050-SAH |
| and MAGGIE FOSTER, ) | Chapter 7 |
| ) | |
| Debtors. ) | |

**ORDER DENYING MOTION OF OKLAHOMA MOTOR CREDIT COMPANY
FOR ORDER COMPELLING PHYSICAL SURRENDER AND
<u>NOTICE AND OPPORTUNITY FOR HEARING [DOC. 28]</u>**

On March 2, 2016, Oklahoma Motor Credit Company ("OMCC") filed its Motion of Oklahoma Motor Credit Company for Order Compelling Physical Surrender and Notice and Opportunity for Hearing [Doc. 28] (the "Motion"). In the Motion, OMCC requests that, pursuant to 11 U.S.C. § 105, the Court order Robert M. Foster and Maggie Foster (collectively, "Debtors") to physically surrender to OMCC an otherwise unidentified vehicle (the "Collateral").

The Court agrees that the automatic stay has terminated, and the Collateral has been abandoned. Further the Court agrees that, if Debtors have tampered with or otherwise rendered the Collateral inoperable in an effort to hinder or delay OMCC in its efforts to realize on its

Collateral, such conduct is offensive and reprehensible given the significant relief afforded Debtors through their bankruptcy discharge.

However, the Court is unaware of any authority, whether pursuant to Section 105 or any other provision of the Bankruptcy Code, that authorizes this Court to order Debtors to physically surrender the Collateral to OMCC. The few cases that address the issue all conclude that bankruptcy courts do not have such power. 11 U.S.C. § 521(a)[1] does not affect or create substantive rights as it specifically states that nothing in Section 521(a) alters either the debtor's or the trustee's rights with regard to the subject property. Green Tree Fin. Serv. Corp. v. Theobald (In re Theobald), 218 B.R. 133, 135 (B.A.P. 10th Cir. 1998).[2] Section 521(a)(2) was not designed to be a mechanism by which creditors can avoid state law obligations when realizing on their collateral. Theobald, 218 B.R. at 136 (citing Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)). The consequence of failing to comply with the time limits of Section 521(a)(2) is clear - under Section 362(h), the automatic stay terminates. In re Rowe, 342 B.R. 341, 346 (Bankr. D. Kan. 2006).

Although OMCC does not cite to Section 521(a)(6) as a basis for its requested relief, Section 521(a)(6) has been previously raised as a basis for an order directing a debtor to surrender possession of collateral to a secured creditor. However, courts have generally refused to enter orders compelling debtors to surrender collateral subject to Section 521(a)(6). In re

---

[1] Although OMCC does not expressly cite to Section 521(a)(2) or Section 521(a)(6), the Motion is clearly based, at least in part, on either or both given that OMCC states that Debtors neither reaffirmed nor redeemed the Collateral yet remain in possession of the Collateral.

[2] The Theobald case references 11 U.S.C. § 521(2), the predecessor to 11 U.S.C. § 521(a)(2). See, also, Rowe, 342 B.R. at 344-45 (contains in-depth analysis of changes to Section 521 as a result of BAPCPA).

2

Steinhaus, 349 B.R. 694, 707 (Bankr. D. Idaho 2006) (comprehensive three part remedy provided by Section 521(a)(6) provides for termination of the stay, abandonment and express permission to creditor to proceed as permitted by state law). "Had Congress intended to also create the remedy of an immediate order of possession, it logically would have been included in this listing of relief in § 521(a)(6). It was not." Steinhaus, 349 B.R. at 708. Moreover, it would be inconsistent with the permission granted by Section 521(a)(6) that authorizes a creditor to "take whatever action as to such property as is permitted by applicable nonbankruptcy law." Steinhaus, 349 B.R. at 708. Accordingly, a creditor's remedy under Section 521(a)(6) is not removal of the property but relief from the stay (which OMCC previously obtained). Steinhaus, 349 B.R. at 708 (citing In re Rowe, 342 B.R. 341, 351 (Bankr. D. Kan. 2006)[3]).

The Bankruptcy Code contains no provision requiring a debtor to surrender collateral to a creditor; "the appropriate remedy is relief from the automatic stay to allow the creditor to exercise its rights of possession and foreclosure under state law." Marketview Motors, Inc. v. Johnson (In re Johnson), 2009 WL 1024582 (Bankr. C. D. Ill. 2009). See, also, Rowe, 342 B.R. at 350 ("Upon termination of the stay, however, the Creditor's rights are those under applicable nonbankruptcy law. Section 521(a)(6) does not require or empower the Court to order turnover of the collateral to the Creditor.").

---

[3] In Rowe, the Court was faced with a motion to turnover a vehicle because the debtor failed to file a statement of intent to reaffirm or redeem within the statutory time frame. The court noted that, as a result of such failure, the automatic stay had terminated and the vehicle was abandoned and no longer property of the estate. Accordingly, any right to possession of the vehicle by the secured creditor was a matter of state law, and "there is nothing in the Code as amended giving the Bank an immediate right of possession of the Vehicle." Rowe, 342 B.R. at 352.

Finally, "'it is not up to [the court] to read other remedies into the carefully articulated set of rights and remedies set out in the Bankruptcy Code.'" Steinhaus, 349 B.R. at 708 (quoting Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002)).  Section 521(a)(2)(A) requires a debtor to do what he says he is going to do.  If a debtor does not follow through with his or her stated intention, relief from the automatic stay is the preferred remedy absent compelling circumstances." In re Trussel, 2015 WL 1058253 (Bankr. N.D. Fla. 2015).  See also In re Silvestri, 294 B.R. 421, 423 (Bankr. D. R.I. 2003) ("requiring a debtor to surrender collateral to a creditor when he/she fails to perform under Section 521(2) is not an appropriate remedy under these circumstances, i.e., where the Debtor is current and meeting all of his/her obligations under the contract and where there are no allegations of bad faith.").

Granting relief under 11 U.S.C. § 105 should be undertaken with great caution.  As the Tenth Circuit Court of Appeals has stated:

> [A] bankruptcy court may not exercise its "broad equitable powers" under § 105(a) " 'in a manner that is inconsistent with the other, more specific provisions of the [Bankruptcy] Code.' " In re Frieouf, 938 F.2d 1099, 1103 n.4 (10th Cir. 1991) (quoting In re Western Real Estate Fund, Inc., 922 F.2d at 601). In other words, a bankruptcy court's exercise of its authority under § 105(a) may not contravene or disregard the plain language of a statute.  See, e.g., In re Alderete, 412 F.3d at 1207 (holding that the bankruptcy court lacked the power under § 105(a) to grant the partial discharge of student loan debt when the debtor did not show undue hardship as required by statute); In re Tuttle, 291 F.3d 1238, 1245 (10th Cir. 2002) (noting that even though the debtor's "equitable arguments [under § 105(a) ] are compelling, they cannot overcome the plain language of the Code"). As we have previously noted, "[t]o allow the bankruptcy court, through principles of equity, to grant any more or less than what the clear language of [a statute] mandates would be tantamount to judicial legislation and is something that should be left to Congress, not the courts." In re Alderete, 412 F.3d at 1207 (quotation omitted).

Mashburn v. Scrivner (In re Scrivner), 535 F.3d 1258, 1263 (10th Cir. 2008).  In this case, the Bankruptcy Code provides identified remedies for a debtor's failure to redeem or reaffirm a debt secured by the debtor's property – relief from stay and abandonment so that the creditor may pursue state court rights and remedies.  See Steinhaus, 349 B.R. at 708; Johnson, 2009 WL 1024582; Rowe, 342 B.R. at 350.  Relief from the automatic stay has already been granted to OMCC, and the Collateral has been abandoned.  No authority exists for issuing an order compelling Debtors to surrender the Collateral to OMCC, and Section 105 does not authorize the Court to vary the remedies expressly afforded by the Bankruptcy Code.[4]  In this case, since OMCC's requests for relief from the stay and abandonment were previously granted, OMCC must now look to applicable non-bankruptcy law to enforce its rights to the Collateral.[5]

Accordingly, this Court has no authority to order Debtors to physically surrender the Collateral to OMCC, and, therefore, the Motion is DENIED.[6]

IT IS SO ORDERED.

# # #

---

[4] The Court further notes that any order compelling Debtors to surrender the Collateral to OMCC would be an injunction, which can only be obtained, except in very limited circumstances, through an adversary proceeding and not by motion.  Rule 7001(7) of the Federal Rules of Bankruptcy Procedure.  So from a procedural standpoint, the Motion must be denied.

[5] Additionally, the Collateral has been abandoned and, therefore, is no longer subject to the jurisdiction of this Court.  Rajala v. Liberty Bank (In re Buerge), 2013 WL 5656204 (Bankr. D. Kan. 2013).

[6] Remedies are available under the Bankruptcy Code if the Debtors are engaged in fraudulent conduct under 11 U.S.C. §§ 523(a), 707(a), 727(a)(2)(B) and (d).